UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT R. PRICE,<br><br>        Plaintiff,<br><br>    v.<br><br>WARDEN, et al.,<br><br>        Defendants. | No.  2:23-cv-1229 DB P<br><br><br>ORDER |

Plaintiff, a county jail inmate proceeding pro se, filed this civil rights action under 42 U.S.C. §1983 and a request to proceed in forma pauperis. Plaintiff has also filed a motion for an evidentiary hearing. For the reasons set forth below, plaintiff's request to proceed in forma pauperis is granted, the complaint is dismissed with leave to amend, and the request for an evidentiary hearing is denied.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

1  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments
2  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.
3  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
4  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
5  1915(b)(2).

**SCREENING**

7  **I. Legal Standards**
8      The court is required to screen complaints brought by prisoners seeking relief against a
9  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
10 §1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
11 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
12 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
13 U.S.C. § 1915A(b)(1) & (2).
14     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
15 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
16 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
17 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
18 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
19 pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of
20 the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim
21 showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what
22 the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.
23 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
24     However, in order to survive dismissal for failure to state a claim a complaint must
25 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
26 factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550
27 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
28 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of §1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II. Allegations in the Complaint**

Plaintiff's is confined at the Rio Cosumnes Correctional Center. While it is not clear from the complaint that plaintiff has been convicted, in a document filed here on August 8, 2023, plaintiff complains about his sentence based on an April 2023 conviction. Therefore, this court considers plaintiff to have been a convicted prisoner at the time he filed his complaint in June 2023.

Plaintiff's complaint is brief. He identifies an unnamed warden and "John Doe" as defendants. Plaintiff states that at an unidentified time he was temporarily transferred to Solano

State Prison due to a temporary emergency evacuation. While there, a correctional officer shot a large amount of tear gas at other inmates. The tear gas caused plaintiff eye irritation, coughing, and trouble sleeping.

### III. Discussion

Plaintiff's complaint fails to state any claims for relief for several reasons. First, plaintiff must identify at least one defendant by name. If plaintiff is found to state a claim for relief, the court will order service of the complaint on a defendant. It cannot do so if no defendants are identified.

Second, the legal basis for plaintiff's claim is not clear. Because plaintiff is not alleging the tear gas was directed at him, the only possible basis for his claim is that the conditions of his confinement were so bad that they violated the Eighth Amendment. To state that Eighth Amendment claim, a prisoner must allege facts showing he faced a "substantial risk of serious harm" and that a defendant was deliberately indifferent to that risk. Farmer v. Brennan, 511 U.S. 825, 834, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835. Plaintiff shows neither that the harm he suffered was sufficiently serious nor that any defendant was deliberately indifferent to that risk. In fact, plaintiff makes no allegations about any conduct by the warden.

### IV. Motion for Evidentiary Hearing

Plaintiff asks that the court hold a hearing regarding the allegations in his complaint. Plaintiff is essentially asking for a trial. As explained above, this case will not proceed unless plaintiff alleges facts sufficient to state a claim under §1983. Because that initial hurdle has not been crossed, any fact-finding on plaintiff's claims is premature.

### V. Conclusion

This court finds that plaintiff has failed to state any cognizable claims for relief under §1983. Plaintiff will be given an opportunity to file an amended complaint.

////

In his amended complaint, plaintiff must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema
////

N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.

3. The complaint (ECF No. 1) is dismissed with leave to amend.

4. Within thirty days from the date of this order, plaintiff shall file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "First Amended Complaint."

5. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

6. The Clerk of the Court shall send plaintiff a copy of the prisoner complaint form used in this district.

////
////
////
////
////

7. Plaintiff's motion for an evidentiary hearing (ECF No. 4) is denied.

Dated:  January 5, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/pric1229.scrn LTA